614 F.2d 683
 Emanuel M. COMORA, Plaintiff-Appellant,
v.
SECURITY TITLE INSURANCE CO., etc., et al., Defendants-Appellees.
Emanuel M. COMORA, Plaintiff-Appellant,
v.
SECURITY TITLE INSURANCE CO., etc., et al., Defendants,
and
Safeco Title Insurance Co., and Wells Fargo National Bank,
Defendants- Appellees.
Emanuel M. COMORA, Plaintiff-Appellant,
v.
SECURITY TITLE INSURANCE CO., etc., et al., Defendants,
and
Fierstein and Sturman, Defendant-Appellee.
 Nos. 78-1711, 78-2488 and 78-2489.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 29, 1980.
 
 Donald R. Colvin, Beverly Hills, Cal., argued for Emanuel M. Comora; James N. Laichas, Panorama City, Cal., on the brief.
 Mark I. Rosenberg, Los Angeles, Cal., argued for Security Title Ins. Co., etc., et al.; Thomas E. Gallagher, Richard S. Odom, Los Angeles, Cal., James N. Laichas, Panorama City, Cal., Michael J. Matlaf, Los Angeles, Cal., on the brief.
 Appeal from the United States District Court for the Central District of California.
 Before CHAMBERS, SNEED and ALARCON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1964 appellant Comora bought an apartment house in Los Angeles and gave the seller a note for $86,000. When the seller died, he attempted to convince the executor (Beverly Hills National Bank) that he had paid $26,000 on the note and that the seller had given him a note for $60,000 as an offset to the purchase price. The estate denied the claim and appellant has been litigating the issue ever since.
 
 
 2
 The present action was brought against Wells Fargo Bank (which purchased the executor bank's assets in liquidation), the Comptroller of the Currency (conservator for the defunct bank), the attorneys who represented the bank, and the title insurance company or its successor.
 
 
 3
 The claims raised by Comora here have either been litigated in State court or they could have been so litigated in any of the various actions prosecuted there. Some of the claims made here are untimely within applicable statutes of limitations. The claims against the bank and its conservator are made in the face of orders of the district court, in the liquidation proceedings, barring all future claims such as those made here. We have reviewed the record and it is clear that the district judge was entirely justified in granting the motions to dismiss as to certain appellees and granting summary judgment as to the others.
 
 
 4
 Appellees Fierstein & Sturman were granted attorneys' fees by the California Court of Appeal as the result of one of the previous lawsuits. Appellant would have us interfere in some way with that decision, something we have no power to do, even if we were so inclined, which we are not.
 
 
 5
 Appellee attorneys, with some justification, have asked that sanctions be imposed in the nature of double costs or attorneys' fees under Rule 38, F.R.A.P. We have given their suggestion considerable thought but have decided that costs in the instant appeals will be governed by the usual rules prescribed in Rule 39, F.R.A.P. However, appellant should note that it would be unlikely that we would be so constrained if he attempts, once again, to relitigate these issues.
 
 
 6
 Affirmed.